Tatiana **KHUBEEVA**; Stepan **Kunetsky, Petitioners,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–75073.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reynold E. Finnegan, Esq., Finnegan & Diba a Law Corporation, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth J. Stevens, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Tatiana Khubeeva, and her husband, Stepan Kunetsky, natives and citizens of Russia, petition for review of the Board of Immigration Appeals' ("BIA") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

Because the BIA considered Khubeeva's claims de novo, our review is limited to the BIA's decision. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000)).

The BIA's adverse credibility determination is based solely on the forensic expert's testimony and report, which purported to offer evidence regarding the authenticity of Khubeeva's birth certificate. The record shows, however, that Khubeeva's marriage certificate had been

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mislabeled as Khubeeva's birth certificate in the forensic report. Furthermore, the expert incorrectly testified that he had examined and found Khubeeva's birth certificate to be fraudulent. In fact, the record shows that the expert had only examined the marriage certificate and Khubeeva's husband's birth certificate. Thus, any information that the expert mistakenly offered, as to the authenticity of Khubeeva's birth certificate, was not reliable. Because the BIA relied on this evidence to find Khubeeva incredible as to her identity and nationality, the BIA's credibility determination is not supported by substantial evidence. *See Shah*, 220 F.3d at 1067 (9th Cir.2000) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Accordingly, we grant the petition and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**